**UNIVERSAL CITY STUDIOS, INC., Plaintiff,**

v.

**NINTENDO CO. LTD. and Nintendo of America, Inc., Defendants.**

No. 82 Civ. 4259 (RWS).

United States District Court, S.D. New York.

Sept. 17, 1985.

MEMORANDUM OPINION

SWEET, District Judge.

On August 22, 1985, defendants Nintendo Co., Ltd. and Nintendo of America, Inc. (collectively "Nintendo") noticed settlement on August 26 of a proposed judgment arising out of the opinion of this court filed on July 29, 1985 (the "opinion"). 615 F.Supp. 838. Prior counsel for plaintiff Universal City Studios, Inc. ("Universal") was relieved following the entry of the opinion, and on August 23, new counsel sought to stay entry of judgment. This application was granted to the extent of permitting the filing of additional papers in opposition to the proposed judgment by August 30, with the understanding that no judgment would be entered during this period.

Letters from counsel for Nintendo dated August 1 and 12 and from counsel for Universal dated August 9 have been reviewed, as well as affidavits from both

parties and the memorandum in opposition to the proposed judgment submitted by counsel for Universal. Upon these materials and all prior proceedings, the issues raised in connection with the proposed judgment will be resolved as set forth below, and judgment will be entered.

The principal dispute arises out of the language of the opinion at page 864:

> The award of attorney's fees pursuant to § 1117 provides an additional basis for granting Nintendo its attorney's fees for the successful defense of the Lanham Act claim but should not provide a double recovery.

In other words, the opinion specified two alternative grounds for granting a single award equal to Nintendo's attorney's fees (1) a punitive damages award on the tortious interference claim in the amount of Nintendo's attorney's fees incurred in defending Universal's infringement action, and (2) an award of attorney's fees under § 35 of the Lanham Act. Recovery of the amount of attorney's fees under either theory will make Nintendo whole and compensate it for the damages suffered.

The amount of attorney's fees was the subject of unchallenged testimony. There is no basis in the record upon which to base the present objection as to the reasonableness of the fee.

Objection has also been made to the inclusion of $228,752.68 as costs in this portion of the award. While out-of-pocket costs are an appropriate element of the punitive damages award, there is less basis, and no authority cited, for including out-of-pocket costs under § 1117 which refers only to attorney's fees. Of course, it is often said that it is discretionary with the court to award taxable court costs. Therefore, the judgment should set forth Nintendo's taxable costs for defending against Universal's Lanham Act claim. Any of Nintendo's $228,752.68 in out-of-pocket costs which are not properly taxable should be included in the judgment as an element of the punitive damages award.

With respect to the costs and attorney's fees of Nintendo for prosecuting the contributory copyright infringement counterclaim, Universal's objections are based on the ground that the costs and fees set forth in the Kirby affidavit are unreasonable. 17 U.S.C. § 505. The objection is based solely on the relationship between the fees and the damage recovery, the former exceeding the latter by almost 150%. For the reasons stated in the opinion and the particular circumstances presented in this litigation, the cited ratio of fee to recovery is reasonable. Therefore, the judgment will award Nintendo attorney's fees and court costs incurred in prosecuting the copyright infringement counterclaim.

Enter judgment on notice in accordance with the opinion as clarified, hopefully, by this memorandum opinion.

IT IS SO ORDERED.